# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DUSTIN LYNN VANHALST, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:19-CV-00050-RWS |
| | § | |
| v. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Dustin Lynn Vanhalst, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging he was illegally convicted. The Court referred the case to the United States Magistrate Judge, the Honorable John D. Love, pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named respondent is Lorie Davis, the Director of TDCJ-CID.

### I.   Factual Background

The Sixth Court of Appeals summarized the facts of this case:

> On January 16, 2015, Rusk County Sheriff's Deputy Austin Wright discovered the body of [Jay] Clements next to his pickup truck outside his burning residence in Rusk County. A later autopsy revealed that Clements had suffered fifty-nine sharp-force injuries to his head, upper body, back, chest, left flank, hands, and arms. The injuries to his upper body and head were consistent with a machete blade, and the rest of his injuries were consistent with a steak-knife blade. The State's forensic pathologist, Dr. John Stash, testified that Clement's death was a homicide and that the cause of death was multiple sharp-force injuries. The State's theory at trial was that Vanhalst attacked and killed Clements because he believed Clements, alone or in combination with others, had sodomized Vanhalst while Vanhalst was in the midst of a methamphetamine-induced blackout.

At trial, the State called [Justin] Deen, who had been Vanhalst's friend for several years. Deen testified that at about 5:30 on the morning of January 15, 2015, Vanhalst called him and asked for help. According to Deen, Vanhalst said that "he was in a pretty bad spot." Vanhalst also told him he was in trouble and thought that someone or some group of people were planning to kill him. He added that other people "had disappeared already," and he asked Deen for a ride out of Arp, the town where he was staying. When Deen picked up Vanhalst later that afternoon, Vanhalst said that "[he] need[ed] to talk to the FBI or somebody high up in law enforcement." Deen telephoned his former brother-in-law, Brady Middlebrooks, who was a detective with the Kilgore Police Department. Deen drove Vanhalst to meet Middlebrooks.

Middlebrooks testified that Vanhalst said he had "been on a meth binge" and that he had "slept approximately three days." According to Middlebrooks, Vanhalst said he had awakened with "some pain and discomfort in his rectal area" and found what he thought was semen in his stool. Vanhalst told Middlebrooks that he had previously told his girlfriend, Tina Shirey, about his pain and that she told Vanhalst "she had done some things to him," but that no one else had been involved. Vanhalst presented Middlebrooks with a DVD of the movie *Beetlejuice* and told him the disc "contained hidden layers of the actors, other actors involved in the sexual assault, and of the sexual assault." Yet, when Middlebrooks played the disc, he saw only "scratchy images … white noise."

Deen further testified that he took Vanhalst home after meeting with Middlebrooks. On the way, they needed to repair a tire on Vanhalst's car, but could not find an open tire shop. During this time, Vanhalst "said something about [Clements] having a spare tire he could have." Later, Vanhalst told Deen that Clements had been one of the people who had sodomized him. When Deen asked why he had not told that information to Middlebrooks, Vanhalst answered, "That would have been a motive."

Vanhalst then told Deen other things he believed had happened during his blackout. According to Deen, Vanhalst said Clements left a voice message on his telephone in which Clements said he could not wait to sodomize Vanhalst again. Vanhalst also said the voice message contained the sound of someone snoring in the background. Accordingly, Vanhalst concluded that Clements left the message on his cell phone while Vanhalst was still blacked-out and could be heard snoring in the background. Additionally, Deen testified that Vanhalst had asked him "[a] handful" of times to borrow a pistol, but that he had always refused. On one occasion when Deen refused to lend Vanhalst a pistol, they were at Vanhalst's home and Deen pointed towards a sword hanging on Vanhalst's wall as if to say, "[U]se that."

On the night of the murder, Vanhalst asked Deen to drive him to Clements' home, but Deen refused; however, he did drive Vanhalst past Clements' home twice. After the second occasion, Deen suggested that he take Vanhalst home, but Vanhalst

declined, responding, "I'm getting out. … Pray for me." According to Deen, Vanhalst exited the truck between one-half and one-third of a mile from Clements' home.

Deen testified he next saw Vanhalst about 3:00 the next morning, and Vanhalst was limping, soaking wet, stiff, and sore. Deen described Vanhalst as being "stove up." Deen said he wished Vanhalst had not come to his house, and Vanhalst replied, "It wasn't pretty." Vanhalst told Deen [that] Clements had "admit[ted] to it," but Deen said he did not want to hear anything else. Vanhalst showered at Deen's house while Deen took Vanhalst's clothes out to the yard and burned them. Deen admitted that he did not report the crime until about five days later, when he called his uncle, who was a county commissioner, and that he was subsequently indicted for tampering with evidence. Deen also testified that at the time of his testimony, he had rejected a plea offer from the State and was still under indictment.

*Vanhalst*, 532 S.W.3d at 470–72.

A jury convicted Vanhalst on one count of murder. Vanhalst was sentenced to 47 years' imprisonment. The Sixth Court of Appeals of Texas affirmed his conviction. *See Vanhalst v. State*, 532 S.W.3d 469 (Tex. App.—Texarkana, 2017, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review. Vanhalst's state habeas application was denied without a written order.

### a. Habeas Petition

Vanhalst filed this federal habeas petition, raising several claims concerning insufficiency of the evidence, ineffective assistance of trial counsel and appellate counsel, trial court error and actual innocence. Docket No. 1. Respondent asserted that several of Vanhalst's claims—claims four through seven—were unexhausted and procedurally barred and that his remaining claims were meritless. Docket No. 19.

### b. Motion for Stay/Abeyance

Vanhalst also filed a motion to stay/abey the petition in order to return to state court and present his unexhausted claims, asserting he had good cause for failing to exhaust his remedies. Docket No. 27. Respondent opposed the motion, asserting that Vanhalst failed to demonstrate

good cause, that his claims were plainly meritless and that he failed to demonstrate diligence. Docket No. 30.

In his reply, Vanhalst purported to show his "due diligence" and good cause by explaining that his appointed counsel for the state habeas proceedings never contacted him. Docket No. 37. He also asserted that his claims were not "plainly meritless" in light of the investigations and trial testimony in the original proceedings.

## II.     The Magistrate Judge's Report

The Magistrate Judge first reviewed Vanhalst's three properly exhausted claims before addressing the unexhausted claims and Vanhalst's motion to stay. Docket No. 42. Following a review of the claims, the Magistrate Judge recommended that both the petition and the motion to stay be denied.

Vanhalst first argued that "no evidence exist[s] connecting Petitioner to the crime scene, or any evidence to decedent's death" and that the evidence presented against him was merely circumstantial. Vanhalst further asserted that the trial witnesses were "questionable characters," arguing that the Court has the ability to determine that the witnesses' lacked credibility. Vanhalst raised this claim in the state habeas petition, which the court denied without written order.

The Magistrate Judge found Vanhalst's first claim meritless. First, the Magistrate Judge noted that challenges to sufficiency of the evidence are not cognizable claims for habeas review under Texas law, so the claim was procedurally defaulted before the state court. Docket No. 42 at 8. Turning to the merits, the Magistrate Judge found that circumstantial evidence supported Vanhalst's conviction. *Id.* at 9. The Magistrate Judge explained that decisions regarding a witness credibility are the "sole province of the jury" and the Court would not "second-guess" the jury's

credibility determination. *Id.* Ultimately, the Magistrate Judge recommended that Vanhalst's claims concerning lack of evidence be dismissed.

Vanhalst next argued that his trial and appellate counsel were ineffective for "not correcting prosecutorial misconduct and false testimony." *Id.* at 11. Specifically, Vanhalst asserted that the State committed prosecutorial misconduct in preparing and questioning a witness, Tina Shirey, Vanhalst's girlfriend at the time of the murder. *Id.* Vanhalst highlighted several portions of Shirey's testimony, including her testimony that Vanhalst told her he cut off the victim's fingers, that she did not remember making statements to the detectives and that the detectives "scared" her and more or less told her what to say. Vanhalst argued that his trial counsel should have corrected or objected to Shirey's testimony.

The Magistrate Judge considered Shirey's entire testimony and determined this claim also lacked merit. The Magistrate Judge noted that Vanhalst did not "indicate what, exactly, his counsel should have objected to" but the record illustrated that defense counsel properly objected throughout the direct and thoroughly cross-examined her. *Id.* at 14–15. The Magistrate Judge also explained that the prosecutors properly refreshed Shirey's recollection regarding her statements to officers, and Vanhalst's defense counsel thoroughly questioned Shirey on the manner in which law enforcement questioned her. *Id.* at 15. The Magistrate Judge further found that Vanhalst failed to prove that the state relied on perjured testimony—specifically, Shirey's testimony that Vanhalst told her he cut the victim's fingers off—particularly in light of medical evidence supporting the witness's account. *Id.* at 15. The Magistrate Judge thus concluded that Vanhalst had not established his counsel was ineffective for failing to correct or object to Shirey's testimony.

The Magistrate Judge then turned to Vanhalst's claim that his trial counsel was ineffective for allowing the court to withhold exculpatory evidence. *Id.* at 17. Vanhalst stated that the jury

requested DNA found on the murder weapon, but the trial court responded: "there is nothing in evidence responsive to the DNA request." Vanhalst argued the DNA on the machete was exculpatory and that counsel should not have allowed the court to deny the jury's request.

The Magistrate Judge reviewed the trial record. He noted that the state's exhibit with the machete's DNA results was not introduced into evidence, so the court could not provide such exhibit upon the jury's request. *Id.* at 17. The Magistrate Judge also explained that "[s]imply because Vanhalst's DNA was not found on items does not render the DNA on the machete exculpatory." *Id.* at 17–18. Ultimately the Magistrate Judge concluded that Vanhalst had not shown that the state habeas court's adjudication of this ineffective assistance of counsel claim was "unreasonable or contrary to law." *Id.* at 18.

The Magistrate Judge then turned to Vanhalst's unexhausted claims and his motion to stay. The Magistrate Judge found that Vanhalst's remaining claims were unexhausted because he failed to present the claims to the Texas Court of Criminal Appeals. *Id.* at 19. Further, the Magistrate Judge determined that Vanhalst failed to demonstrate good cause or that his claims were meritorious to warrant a stay. *Id.* at 20. Having found that Vanhalst's exhausted claims lacked merit and concluding that Vanhalst failed to establish good cause for failure to exhaust his remaining claims, the Magistrate Judge recommended that Vanhalst's petition and motion for stay be denied.

### III. Objections

Vanhalst raises 29 objections to the Magistrate Judge's report. Docket No. 44. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

### a. Objection No. 1:

In his first objection, Vanhalst argues that the "recommendation is based on self-serving testimony" and that the report "mischaracterized" his claims. Vanhalst does not identify which claims the report allegedly mischaracterizes or any purported "self-serving testimony." The first objection is **OVERRULED.** *See* FED. R. CIV. P. 72(b) (objections must specifically identify the portions of the report and bases for the objection.).

### b. Objection No. 2:

Vanhalst objects to the report's omission of his amended petition. Vanhalst asserts that the report incorrectly states that he filed his first application in September 2018—which he asserts was filed on November 16, 2018—and fails to acknowledge that he filed his amended application on December 26, 2018. The Magistrate Judge correctly determined, pursuant to the mailbox rule, that Vanhalst filed his initial state habeas application on September 25, 2018. Docket No. 20 at 1. Further, the Magistrate Judge noted Vanhalst's attempt to file his amended petition in reviewing whether he established good cause for failure to exhaust his claims. *Id.* at 21. Petitioner has not shown any error and this objection is **OVERRULED.**

### c. Objection No. 3:

Next, Vanhalst objects to the report's adoption of the factual background from the Sixth Court of Appeals, which Vanhalst contends is the "state's theory of the case." The factual background, as indicated in the report, is verbatim the facts outlined in the state appellate court. Vanhalst has not alleged that the Magistrate's recitation of those facts is inaccurate, nor does he demonstrate how the report's recitation of the facts improperly infected the analysis or recommendation. Vanhalst has not shown any error in the Magistrate Judge's recitation of the factual background and this objection is **OVERRULED.**

### d. Objection Nos. 4, 6–8

Vanhalst's fourth, sixth, seventh and eighth objections all relate to his claim that "no evidence exist[s] connecting Petitioner to the crime scene, or any evidence to decedent's death." Docket No. 44 at 3–5. Vanhalst (1) objects to the Magistrate Judge's recharacterization of his "no evidence" claim into a "sufficiency of the evidence" claim (Objection No. 4); (2) reasserts that there is no evidence against him and requests an evidentiary hearing (Objection No. 6); (3) argues that he made it abundantly clear that he raised a "no evidence" claim because an "insufficiency of the evidence claim" is dead on arrival (Objection No. 7); and (4) asserts that a "no evidence" claim is a cognizable claim in a habeas petition (Objection No. 8).

Vanhalst correctly notes that a "no evidence" claim is cognizable under Texas state law. *Ex parte Parales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007) (finding that "sufficiency of the evidence" claims are not cognizable whereas claims for "no evidence" are cognizable). Nevertheless, Vanhalst has not shown that his "no evidence" claim has merit. As the Magistrate Judge observed, most of the evidence against him stemmed from the testimony of Mr. Deen. Mr. Deen's testimony, although circumstantial evidence, supports Vanhalst's conviction. The Magistrate Judge correctly determined that the evidence against Vanhalst was sufficient for a reasonable, rational trier of fact to find Vanhalst guilty. Docket No. 42 at 10. Accordingly, Vanhalst's objections relating to his no evidence claim are **OVERRULED**.

### e. Objection No. 5:

Vanhalst objects to the portion of the Magistrate Judge's report referencing the appointment of counsel. Vanhalst notes that there has been an update in the case and that his counsel has since contacted him through a letter. This is not a proper objection and is **OVERRULED.**

####  f. Objection No. 9:

Vanhalst next objects to the Magistrate Judge's "weighing the evidence" on page nine of the report and asserts that an evidentiary hearing is required to weigh the evidence. Docket No. 44 at 5. This objection relates to the Magistrate Judge's determination that circumstantial evidence is afforded the same weight as direct evidence. The Magistrate Judge properly determined the circumstantial evidence supported Vanhalst's conviction. This objection is **OVERRULED.**

####  g. Objection No. 10:

In his tenth objection, Vanhalst objects the report's reliance on Justin Deen and Detective Middlebrooks's testimony. Docket No. 44 at 5. Vanhalst asserts that there is a constitutional protection against introduction of false allegations of prior bad acts.

In order to prove that the state violated the Fourteenth Amendment by relying on perjured testimony, the Vanhalst must show that (1) the witness testified falsely (2) that such testimony was material, and that (3) the prosecution knew the testimony was false. *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). Vanhalst's general allegation does not satisfy any of these elements. Vanhalst does not specifically identify what portions of Deen's or Middlebrooks's testimony are allegedly false. Vanhalst cites generally to page nine of the report, which mentions Deen's testimony that Vanhalst said the victim sodomized him but Vanhalst said he did not tell Detective Middlebrooks because that would have been "motive," as well as Deen's testimony that Vanhalst asked to borrow a pistol. Vanhalst has not demonstrated that this evidence was knowingly false or material.

To the extent Vanhalst's objection relates to his original argument that Deen was not a credible witness, his objection likewise fails. As the Magistrate Judge explained, decisions about a witness's credibility are within the sole power of the jury. *United States v. Millsaps*, 157 F.3d

989, 994 (5th Cir. 1989). The Magistrate Judge properly reviewed the evidence before the jury, including evidence regarding the witnesses' credibility. The jury found Vanhalst guilty after hearing all the evidence and this Court will not second-guess those credibility determinations. This objection is **OVERRULED.**

### h. Objection No. 11:

In his eleventh objection, Vanhalst objects to the Magistrate Judge's consideration of Deen's testimony that Vanhalst "admitted it," arguing that "no where in the record does it show that Vanhalst admitted it." The Magistrate Judge properly considered Deen's testimony. This objection is **OVERRULED.**

### i. Objection No. 12:

Next, Vanhalst objects to the report's "definition of the jury's evaluation of trial and testimony." Docket No. 44 at 6. Vanhalst specifically cites the report's explanation that the Court will not "second-guess credibility determinations made by the jury." *Id.* Vanhalst claims he did not receive a fair trial because vital evidence was withheld from the jury and therefore the Court has the power to decide that the jury's decision was inadequately supported by the record. Docket No. 44. Vanhalst does not explain what vital information was withheld from the jury. Further, the Magistrate Judge correctly noted that the Court will not second-guess credibility determinations made by the jury. This conclusory objection is **OVERRULED.**

### j. Objection Nos. 13-16:

Vanhalst's 13th–16th objections relate to his claim regarding Tina Shirey's testimony. Vanhalst (1) objects that the report mischaracterizes his claim, which he states is "Prosecutorial Misconduct for the State's Agents tampering with Petitioner's Alibi witness;" (2) objects to the report's use of Shirey's allegedly perjured testimony; (3) objects to the report's weighing the

evidence; and (4) objects to the report's conclusion that a reasonable juror could conclude the victim's fingers were cut off because the victim's fingers were all still attached to his hand.

Vanhalst's first objection lacks merit. First, Petitioner cites no case law in support of his claim for habeas relief based upon this alleged "witness tampering." *See Kovacich v. Spearman*, No. 2:13-cv-0985, 2015 WL 4910474 (E.D. Cal. Aug. 17, 2015) (denying petition and noting a lack of case law supporting a claim for habeas relief based upon allegation that the state tampered with a witness). Shirey testified that the officers who took her statement "kept saying you know he's going to kill you" and "they got me scared of him," but Vanhalst does not establish how this evidence supports a finding that the state "tampered" with Shirey. *See United States v. Hammond*, 598 F.2d 1008, (5th Cir. 1979) (summarizing cases finding government interference with a witness when a witness chose not to testify) *Guerra v. Collins*, 916 F. Supp. 620, 626 (S.D. Tex. 1995) (finding police intimidation interfered with defendant's rights when officer's threatened to revoke witness's parole status); *see also Bacon v. Klee*, No. 15-2491, 2016 WL 7009108, at *2 (6th Cir. 2016) (finding due process rights not violated by witness testimony allegedly secured through "police intimidation" where jury heard evidence regarding the alleged intimidation). Moreover, Vanhalst's defense counsel thoroughly questioned Shirey on the nature of the law enforcement officers' questioning such that the jury could consider such questioning in evaluating Shirey's testimony.

As to Vanhalst's second objection, the report did not rely on the veracity of Shirey's testimony. Rather, the report cited Shirey's testimony to demonstrate that her contradictory statements did not establish that her testimony was "false" and instead raised a credibility determination for the jury. *See* Docket No. 42 at 15 (citing *Koch v. Puckett*, 907 F.2d 524, 531

(5th Cir. 1990)). As explained above, Vanhalst's third objection to the Magistrate Judge's "weighing the evidence" concerning credibility determinations is also unavailing.

Turning to Vanhalst's final objection, Vanhalst objects to the report's finding that a reasonable juror could conclude that the victim's fingers were cut off. Docket No. 44. This finding related to the Magistrate Judge's consideration of his allegation that Shirey falsely testified that "Vanhalst informed her that he cut off the victim's fingers." The Magistrate Judge reviewed medical evidence indicating that the victim had severe cuts to his fingers, including one finger that was cut through the bone. Docket No. 42 at 16. In light of this evidence, the Magistrate Judge correctly concluded that Vanhalst had not shown Shirey's testimony was perjured. Accordingly, Vanhalst's objections relating to Shirey's testimony are **OVERRULED.**

### k. Objection Nos. 17 and 18

Vanhalst next objects to the report's finding that his claim for ineffective assistance of counsel relating to the DNA evidence lacked merit. Docket No. 44 at 7. Vanhalst argued in his petition that his counsel was ineffective for allowing the court to withhold exculpatory DNA evidence when the jury requested "DNA found on the machete" during deliberations. Docket No. 42 at 17. The report found the claim meritless because (1) the DNA test showed a mixture of the victim and an "unidentified contributor," (2) the jury heard the expert testimony that Vanhalst's DNA was not identified on any items tested; and (3) the related exhibit with the test results was not admitted into evidence and could not be provided to the jury. *Id.* In his objections, Vanhalst argues that he had a right to know whose DNA was on the murder weapon and that his counsel was ineffective for failing to admit the DNA exhibit into evidence. Docket No. 44 at 7. Vanhalst further disputes the Magistrate Judge's explanation that the absence of Vanhalst's DNA on the weapon was not "exculpatory."

Vanhalst's objections are meritless. Vanhalst incorrectly states that the machete had "skin cells from the murderer on the handle that did not belong to Petitioner." Docket No. 44 at 8. The state's expert testified that the DNA on the handle was "consistent with a mixture from the victim and at least one additional contributor," but the amount of contributor DNA was too low to analyze. Docket No. 20-10 at 604:1–6. This does not establish that the additional contributor DNA belonged to someone other than Vanhalst and is not exculpatory evidence. However, to this point, Vanhalst's counsel elicited testimony from the state's witness that Vanhalst's DNA was not found on any items tested at the crime scene. Docket No. 20-10 at 611:10–23. The Magistrate Judge correctly concluded that Vanhalst had not shown his trial counsel was ineffective for failing to admit Exhibit 14, which showed only that there was an additional DNA source that could not be tested. Vanhalst's objections regarding the DNA evidence are **OVERRULED.**

l. **Objection Nos. 19–22**

Vanhalst's next four objections relate the Magistrate Judge's finding that many of Vanhalst's claims were unexhausted and that he failed to establish cause for his failure to exhaust. Vanhalst asserts (1) that he presented all his claims to the state court but they were denied without written order (Objection No. 19); (2) that, because his appointed state habeas counsel took no action in the case he was ineffective pursuant to *Martinez* and *Trevino* (Objection No. 20); (3) the report incorrectly states that his counsel was appointed after his initial habeas application, and that he was actually appointed one month before the initial application (Objection No. 21); (4) and that he exhausted nearly all his remedies before even becoming aware of the counsel's appointment (Docket No. 22).

First, the Magistrate Judge correctly found that Vanhalst raised 10 unexhausted claims. Docket No. 42 at 18. Although Vanhalst attempted to raise the claims in an amended state habeas

petition, they were procedurally barred pursuant to Texas's abuse of the writ principles and therefore were not properly presented to the state court. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1985). Moreover, the Magistrate Judge correctly found that a stay is not warranted because if Vanhalst returned to state court his unexhausted claims would be procedurally barred. *See* Docket No. 42 at 23.

Generally, federal courts do not review unexhausted claims unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Texas's abuse of writ principles are a valid state procedural bar foreclosing federal habeas review. *Fearance*, 56 F.3d at 642; *see Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008); *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008).

There is a narrow exception to this rule for Vanhalst's ineffective assistance of trial counsel claims pursuant to *Martinez* and *Trevino*. However, there is no exception for Vanhalst's remaining unexhausted claims, and as such the Magistrate Judge correctly recommended those claims should be denied.

Pursuant to *Martinez* and *Trevino*, the Court may consider Vanhalst's unexhausted claims for ineffective assistance of trial counsel if Vanhalst can demonstrate (1) his underlying claims of ineffective assistance of trial counsel are "substantial," meaning that he must demonstrate that the claims have some merit, . . . and (2) his initial state habeas counsel was ineffective in failing to present those claims in his first state habeas application. Though Vanhalst raised this argument for the first time in his objections, his effective *pro se* status during the filing of his first state habeas application can establish cause under *Martinez* and *Trevino* for failure to exhaust his ineffective assistance of counsel claims. *See Boone v. Davis*, No. 4:14-cv-945-A, 2016 WL

7496730, at *5 (N.D. Tex. Dec. 30, 2016) (determining *sua sponte* that a habeas petitioner's *pro se* status was cause excusing the procedural default of his ineffective assistance of counsel claims).

Nevertheless, Vanhalst must still establish that his ineffective assistance of trial counsel claims have merit. Vanhalst raises four unexhausted ineffective assistance of counsel claims for: (1) failure to object to introduction of the autopsy photographs and a picture of Vanhalst's Confederate flag (2) failure to interview and present witnesses to testify about the victim's and Deen's character; (3) failure to object to the State's introduction of extraneous offenses at sentencing; and (4) failure to timely examine Vanhalst's cell phone. Vanhalst has not shown that any of these claims are "substantial."

First, Vanhalst asserts that his counsel was ineffective for allowing the state to introduce autopsy photographs and a picture of his Confederate flag. Autopsy photographs are presumptively admissible to show the extent of the victim's injuries. *Wright v. Director, TDCJ*, No. 9:11-cv-204, 2012 WL 7159911, at *7 (E.D. Tex. Oct. 2, 2012). Indeed, the state used the autopsy photographs to establish the nature of the victim's injuries, the type of weapons used, the existence of defense wounds and the presence of burn marks. Vanhalst has not demonstrated that the number of photographs used were cumulative and prejudicial such that an objection would likely have been sustained. *Id.*

Vanhalst further objects to the introduction of a photograph of a sword hanging on the wall near a Confederate flag in Vanhalst's home. Defense counsel objected to the relevance of the photograph, but the trial court overruled the objection. Vanhalst argues his counsel should have alternatively objected to the photograph as prejudicial but does not demonstrate that such an objection would have been successful. *Wright v. Director, TDCJ-CID*, No. 9:11-CV-204, 2013 WL 607850, *3 (E.D. Tex. Feb. 19, 2013) (dismissing ineffective assistance of counsel claims

where petitioner had not demonstrated photographs were so prejudicial that an objection would likely have been sustained).  Further, Vanhalst does not demonstrate how a single photograph of a Confederate flag was material to his conviction.

Vanhalst then argues that his trial counsel was ineffective for failing to interview and present witnesses to testify about the victim's and Deen's character.  Generally, federal courts do not question trial counsel's decision not to call a particular witness, as this is considered a matter of trial strategy.  *Bower*, 497 F.3d at 470–73; *see Wilkerson v. Cain*, 233 F.3d 886, 892 (5th Cir. 2000) ("[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy.").  In order to establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial.  As to witness testimony regarding the victim's character, Vanhalst does not establish specifically what the investigation would have revealed or how evidence of the victim's "penchant for violence" would have changed the outcome of the trial.  Vanhalst did not raise a "self-defense" claim.  Similarly, Vanhalst asserts that his counsel should have interviewed Deen's wife and should have introduced evidence of Deen's "violent nature" and "extreme jealousness of her."  These general allegations fail to allege with "specificity" what Vanhalst's trial counsel would have discovered or how this evidence would have resulted in a different outcome in his trial.  *See id.*

Next, Vanhalst asserts that his trial counsel was ineffective for failing to object to the state's introduction of unadjudicated extraneous offenses at sentencing.  However, uncharged conduct is admissible during the sentencing phase at trial.  Texas Code of Criminal Procedure article 37.07; *see Garza v. State*, 2012 WL 3525634 at *3 (Tx. Ct. Appl.-Corpus Christi-Edinburg*, 2012*) (finding counsel not ineffective for failure to object to evidence of defendant's arrest record

because such evidence was admissible). Finally, Vanhalst asserts that his counsel was ineffective for failing to examine exculpatory cell phone evidence "prior to it disappearing from the State's custody." However, Vanhalst later indicates in his reply to his motion to stay that the phone is actually in the FBI's possession, but makes no further mention of this allegedly exculpatory material. *See* Docket No. 37 at 17. Vanhalst does not claim that his attorney failed to request *Brady* material from the prosecutors such that he could be found ineffective. *Sholes v. Cain*, 370 F. App'x 531, 534 (5th Cir. 2010) (counsel's failure to obtain *Brady* material was not ineffective where counsel requested such material). To the extent that Vanhalst attempts to argue that the state committed a *Brady* violation by failing to disclose exculpatory material in its possession, such a claim is procedurally barred.

Accordingly, even considering Vanhalst's *pro se* status and finding cause under *Martinez* and *Trevino*, Vanhalst has failed to show that his claims have merit. His objections regarding his unexhausted claims are therefore **OVERRULED.**

### m. Objection No. 23

Vanhalst next objects to the Magistrate Judge's conclusion that Vanhalst did not meet his burden of proving actual innocence. Vanhalst asserts that "he has met all burdens and hurdles," and complains that certain evidence was never presented to the jury. Vanhalst's objection is merely conclusory and is therefore **OVERRULED.**

### n. Objection Nos. 24–29

In his remaining objections, Vanhalst objects to the Magistrate Judge's recommendation to deny a certificate of appealability, that his petition should be denied, that the Magistrate Judge failed to address his "no evidence" claim, that the Magistrate Judge's conclusions were

unreasonable, and that adopting the Magistrate Judge's report would send the "wrong message" because he was unaware that habeas counsel had been appointed.

As the Magistrate Judge explained, any infirmities with the state court's habeas proceedings are not grounds for federal habeas relief. Moreover, the Court has now, where permitted, considered the merits of Vanhalst's unexhausted claims in light of his *pro se* status in the state habeas proceedings. His remaining objections are conclusory and are **OVERRULED.**

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Magistrate Judge's report is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections (Docket No. 44) are **OVERRULED** and the Magistrate Judge's report (Docket No. 42) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled petition is **DENIED.** It is also

**ORDERED** that the motion to stay/abey his federal petition (Docket No. 27) is **DENIED.** Petitioner is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**So ORDERED and SIGNED this 26th day of March, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE